Todd M. Friedman
Adrian R. Bacon
The Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd, Ste. 340
Woodland Hills, CA 91364
Tele: (323) 306-4234
tfriedman@toddflaw.com
abacon@toddflaw.com

Alex D. Kruzyk* (to seek admission *pro hac vice*)
**Pardell, Kruzyk & Giribaldo, PLLC**
501 Congress Avenue, Suite 150
Austin, Texas 78701
Tele: (561) 726-8444
akruzyk@pkglegal.com
bgiribaldo@pkglegal.com

*Counsel for Plaintiff and the proposed classes*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Timothy Moore, *on behalf of himself and others similarly situated*,<br><br>            Plaintiff,<br><br>       vs.<br><br>AdMediary LLC, and Tort Experts LLC,<br><br>            Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Class Action Complaint - 1

Timothy Moore ("Plaintiff"), on behalf of himself and all others similarly situated, alleges as follows:

## Nature of the Action

1. Plaintiff, individually and on behalf of all others similarly situated, brings this class action against AdMediary LLC ("AdMediary"), and Tort Experts LLC ("Tort Experts") (together, "Defendants") under the Telephone Consumer Protection Act ("TCPA").

2. In response to a mass tort multi-district litigation matter involving toxic exposure surrounding Marine Corps Base Camp Lejeune, numerous entities appear to be engaging in mass telemarketing and robocalling campaigns to broad swathes of the United States, in apparent disregard of the TCPA and legal solicitation rules and laws.

3. Specifically, third party lead generation firms engage in mass-solicitation efforts to identify qualifying "leads" and sell those leads to interested third parties, such as mass tort law firms prosecuting Camp Lejeune claims.

4. These mass solicitations are being conducted with total disregard to the recipients' status on the National Do-Not-Call Registry ("DNC Registry"), as well as the recipients' ability to submit a non-fraudulent claim involving Camp Lejeune, all while obfuscating the identity of the sender.

5. As a result, upon information and good faith belief, Defendants routinely violate 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(a)(2) by delivering more than one advertisement or marketing text message to residential or cellular telephone numbers registered with the DNC Registry without the prior express invitation or permission required by the TCPA.

6. Additionally, upon information and good faith belief, Defendants routinely violate 47 U.S.C. § 227(c)(5) and 47 C.F.R. §§ 64.1200(d)(6) by delivering more than one advertisement or telemarketing message to residential or cellular telephone numbers while failing to identify "the name of the individual caller, the

name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

## Parties

7. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of his cellular telephone number—(662) 385-XXXX.

8. Plaintiff uses his cellular telephone as his personal residential telephone number.

9. Plaintiff is a natural person who at all relevant times resided in Greenwood, Mississippi.

10. AdMediary is a California limited liability company that is headquartered in Valencia, California.

11. AdMediary is an advertising and lead generation firm that, among other things, touts its offerings of "Pay Per Call" Camp Lejeune leads, as well as additional paid legal offers tied to "Lawsuit Winning – Camp Lejeune."[1]

12. Tort Experts is a Wyoming-based limited liability company that is headquartered in Sheridan, Wyoming.

13. Tort Experts offers "Performance-Based Mass Tort Marketing" to generate leads for various mass tort cases.[2]

14. In particular, Tort Experts advertises the availability of its advertising services for Camp Lejeune claims.[3]

## Jurisdiction and Venue

15. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5), and 28 U.S.C. § 1331.

---

[1] http://offersuite.admediary.com/ (last visited May 1, 2023).

[2] https://tortexperts.com/ (last visited May 1, 2023).

[3] *See, e.g.*, https://www.instagram.com/p/CrlgEVzo9pK/?hl=en (last visited May 1, 2023).

16. Venue is proper before this Court under to 28 U.S.C. § 1391(b)(2) as AdMediary resides in this district and a significant portion of the transactions giving rise to this action occurred in this district.

17. In particular, AdMediary directed its text messages to Plaintiff's telephone from this district.

## Factual Allegations

18. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC Registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

19. Plaintiff registered his cellular telephone number with the DNC Registry in or around August 2018.

20. Starting in 2022 and continuing through the present, Plaintiff began receiving text messages on his cellular telephone from a variety of different, constantly rotating telephone numbers, including the following:




21. Plaintiff did not recognize the sender of these text messages.

22. Plaintiff did not previously file any lawsuits involving Camp Lejeune, or any other type of grievance that would entitle him to recover a settlement amount.

23. Plaintiff is not, and was not, interested in submitting a claim based on exposure to toxins at Camp Lejeune.

24. Plaintiff has never lived at, worked in, or visited Camp Lejeune, and Plaintiff has not ever inquired about any entitlement to settlement proceeds based on any exposure to toxins at Camp Lejeune.

Class Action Complaint - 5

25. Plaintiff estimates that he has received dozens of similar text messages touting eligibility to submit a claim or receive settlement funds from Camp Lejeune.

26. The links in the subject text messages identified in ¶ 20 direct users to two websites: Lawsuit-winning.com, and camplejeuneclaimshelp.com.

27. Although Lawsuit-winning.com hides the legal identity of its owner(s) on its website, the Terms of Use direct users to contact the owner of the website at "21781 Ventura Blvd #10043, Woodland Hills, CA 91364, or call us at 516.362.3623."[4]

28. That address and phone number are both associated with AdMediary.com, which is, in turn, run by AdMediary.

29. Moreover, AdMediary identifies Lawsuit-winning.com as one of its advertising assets.[5]

30. Similarly, camplejeuneclaimshelp.com hides the legal identity of its owner(s) on its website, but its Terms of Use direct users to contact the owner of the website at "Total Injury Help: 30 N Gould St Ste N Sheridan, WY 82801."

31. That address is associated with Total Injury Help, and LGNB LLC, a now-defunct Wyoming corporation with the same addresses and registered agents (in Wyoming and New Jersey) and business practices as Tort Experts.

32. Plaintiff did not give Defendants prior express consent or prior express written consent to send text messages to his cellular telephone number.

33. Defendants sent the text messages at issue for non-emergency purposes.

34. Upon information and good faith belief, Defendants sent the text messages at issue voluntarily.

---

[4] https://lawsuit-winning.com/terms.php (last visited May 1, 2023).

[5] http://offersuite.admediary.com/ (last visited May 1, 2023).

35. The purpose of the text messages at issue was to advertise and to market Defendants' business or services, or the business and services of Defendants' affiliated entities.

36. Plaintiff did not give Defendants prior express invitation or permission to send advertisement or marketing text messages to his cellular telephone number.

37. Plaintiff suffered actual harm as a result of the text messages at issue in that he was annoyed by the delivery of unwanted telemarketing or solicitation messages, and that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

38. Additionally, Plaintiff spent time reviewing each of the telemarketing text messages at issue, and additional time investigating whether he had unwittingly submitted a legal inquiry involving Camp Lejeune.

39. Upon information and good faith belief, Defendants knew, or should have known, that Plaintiff registered his cellular telephone number with the DNC Registry.

## Class Allegations

40. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

**Federal Do-Not-Call Registry Class:**

> All persons throughout the United States (1) to whom AdMediary LLC, or Tort Experts LLC, delivered, or caused to be delivered, more than one text message within a 12-month period, promoting AdMediary LLC's, Tort Experts LLC's, or their business partners' goods or services goods or services, (2) where the person's residential telephone number had been registered with the National Do Not Call Registry for at least thirty days before AdMediary LLC, or Tort Experts LLC, delivered, or caused to be delivered, at least two of the text messages within the 12-month period, (3) within four years preceding the date of this complaint through the date of class certification.

**Sender Identification Class:**[6]

All persons and entities throughout the United States (1) to whom AdMediary LLC, or Tort Experts LLC, delivered, or caused to be delivered, more than one text message within a 12-month period, promoting AdMediary LLC's, Tort Experts LLC's, or their business partners' goods or services, (2) where the subject text messages did not state the name of the individual caller, the name of AdMediary LLC, or Tort Experts LLC, and a telephone number or address at which AdMediary LLC, or Tort Experts LLC, may be contacted, (3) within four years preceding the date of this complaint through the date of class certification.

41. Excluded from the Classes are Defendants, their officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entities in which Defendants have or had a controlling interest.

42. Upon information and belief, the members of the Classes are so numerous that joinder of all of them is impracticable.

43. The exact number of members of the Classes are unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

44. The members of the Classes are ascertainable because the Classes are defined by reference to objective criteria.

45. In addition, the members of the Classes are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendants, and by third parties, including members of the Classes.

46. Plaintiff's claims are typical of the claims of the members of the Classes.

---

[6] The "Federal Do-Not-Call Registry Class" and the "Sender Identification Class" are collectively referred to as the "Classes."

47. As they did for all members of the Federal Do-Not-Call Registry Class, Defendants delivered solicitation text messages to Plaintiff's telephone number more than thirty days after Plaintiff registered his telephone number with the DNC Registry, absent prior express written consent.

48. As they did for all members of the Sender Identification Class, Defendants delivered solicitation text messages to Plaintiff's telephone number where the subject text messages did not state the name of the individual caller, the name of either AdMediary LLC, or Tort Experts LLC, and a telephone number or address at which AdMediary LLC, or Tort Experts LLC may be contacted.

49. Plaintiff's claims, and the claims of the members of the Classes, originate from the same conduct, practice, and procedure on the part of Defendants.

50. Plaintiff's claims are based on the same theories as are the claims of the members of the Classes.

51. Plaintiff suffered the same injuries as the members of the Classes.

52. Plaintiff will fairly and adequately protect the interests of the members of the Classes.

53. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Classes.

54. Plaintiff will vigorously pursue the claims of the members of the Classes.

55. Plaintiff has retained counsel experienced and competent in class action litigation.

56. Plaintiff's counsel will vigorously pursue this matter.

57. Plaintiff's counsel will assert, protect, and otherwise represent the members of the Classes.

58. The questions of law and fact common to the members of the Classes predominate over questions that may affect individual members of the Classes.

59. Issues of law and fact common to all members of the Classes include:

      a.      Defendants' conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing text messages;

      b.      For the Federal Do-Not-Call Registry Class, Defendants' practice of delivering text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days without obtaining prior express written consent;

      c.      For the Sender Identification Class, Defendants' practice of delivering solicitation text messages to Plaintiff's telephone number where the subject text messages did not state the name of the individual caller, the name of either AdMediary LLC or Tort Experts LLC, and a telephone number or address at which AdMediary LLC or Tort Experts LLC may be contacted;

      d.      Defendants' violations of the TCPA; and

      e.      The availability of statutory penalties.

60. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

61. If brought and prosecuted individually, the claims of the members of the Classes would require proof of the same material and substantive facts.

62. The pursuit of separate actions by individual members of the Classes would, as a practical matter, be dispositive of the interests of other members of the Classes, and could substantially impair or impede their ability to protect their interests.

63. The pursuit of separate actions by individual members of the Classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendants.

64. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories,

could also create and allow the existence of inconsistent and incompatible rights within the Classes.

65. The damages suffered by the individual members of the Classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Classes to redress the wrongs done to them.

66. The pursuit of Plaintiff's claims, and the claims of the members of the Classes, in one forum will achieve efficiency and promote judicial economy.

67. There will be no extraordinary difficulty in the management of this action as a class action.

68. Defendants acted or refused to act on grounds generally applicable to the members of the Classes, making final declaratory or injunctive relief appropriate.

## Causes of Action

## Count I:

## Violation of 47 U.S.C. § 227(c)(5)

## On behalf of the Federal Do-Not-Call Registry Class

69. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-68.

70. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

71. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

72. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

73. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

74. Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Federal Do-Not-Call Registry Class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

75. Defendants violated 47 U.S.C. § 227(c)(5) because they delivered, or caused to be delivered, to Plaintiff and members of the Federal Do-Not-Call Registry Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

76. As a result of Defendants' violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the Federal Do-Not-Call Registry Class, are entitled to damages in an amount to be proven at trial.

## Count II

## Violation of 47 U.S.C. § 227(c)(5)

## On behalf of the Sender Identification Class

77. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-68.

78. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

79. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(d), provides in relevant part that "[a] person or entity making a call for telemarketing

purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." *Id.* at § 64.1200(d)(4).

80. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

81. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

82. Defendants violated 47 C.F.R. § 64.1200(d)(4) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Sender Identification Class members while failing to "provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

83. Defendants therefore violated 47 U.S.C. § 227(c)(5) because they delivered, or caused to be delivered, to Plaintiff and members of the Sender Identification Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200(d)(4).

84. As a result of Defendants' violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(4), Plaintiff, and the members of the Sender Identification Class, are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

    A.    Certifying the Classes and appointing Plaintiff and his counsel to represent the Classes;

    B.    Adjudging and declaring that Defendants violated 47 U.S.C. § 227(c)(5);

    C.    Awarding Plaintiff and the members of the Classes damages under 47 U.S.C. § 227(c)(5)(B);

    D.    Awarding Plaintiff and the members of the Classes treble damages under 47 U.S.C. § 227(c)(5)(C);

    E.    Awarding Plaintiff and the members of the Classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

    F.    Awarding Plaintiff and the members of the Classes reasonable attorneys' fees and costs of suit, including expert witness fees; and

    G.    Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: May 2, 2023        By:      */s/ Todd M. Friedman*
                                                                   Todd M. Friedman
                                                                   Adrian R. Bacon
                                                                   The Law Offices of Todd M. Friedman, P.C.
                                                                   21031 Ventura Blvd, Ste. 340
                                                                   Woodland Hills, CA 91364
                                                                   Tele: (323) 306-4234
                                                                   tfriedman@toddflaw.com
                                                                   abacon@toddflaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Alex D. Kruzyk* (to seek admission *pro hac vice*)
**Pardell, Kruzyk & Giribaldo, PLLC**
501 Congress Avenue, Suite 150
Austin, Texas 78701
Tele: (561) 726-8444
akruzyk@pkglegal.com
bgiribaldo@pkglegal.com